IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip Davis,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. 16-01745-PHX-SPL (DMF)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:

  On June 2, 2016, Petitioner Philip Davis filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 1) arising from his child molestation conviction and 10 year prison sentence pursuant to a plea agreement in Maricopa County Superior Court, case #CR2012-160507-001. Respondents filed a response on July 29, 2016 (Doc. 13), and the time ran for a reply without one being filed. On September 28, 2016, Petitioner filed Motion to Strike the response (Doc. 17) alleging that statements in the response were illegal and criminal and also filed a motion to have reinstated multiple lawsuits Petitioner filed with this Court (Doc. 18). As explained below, the Court recommends that the Petition be denied and dismissed with prejudice and the motions at Docs. 17 and 18 denied.

**I. BACKGROUND**

  **A. Proceedings Leading to Conviction and Sentence**

  Petitioner was prosecuted in the Maricopa County Superior Court, case #CR2012-

160507-001 (Exhibits A−C; Doc. 13-1 at 1-15).[1] On December 6, 2012, Petitioner was charged in a supervening indictment with one count of Molestation of a Child (Exhibits A−C; Doc. 13-1 at 1-15). On August 13, 2013, Petitioner voluntarily pleaded guilty to the charge (Exhibits D-E; Doc. 13-1 at 16-23). On August 28, 2013, the trial court sentenced him to a term of 10 years of imprisonment (Exhibits F−H; Doc. 13-1 at 24-32).

### B.  Appeal and PCR Proceedings

Petitioner concedes that he did not seek review of his conviction and sentence in the Arizona state courts (Doc. 1 at 2−9).

## II.  PETITIONER'S HABEAS CLAIMS

Petitioner filed his current habeas petition on June 2, 2016[2], raising four claims against Charles L. Ryan and the Arizona Attorney General: (1) He was not informed of his rights prior to police questioning and he was threatened by a Phoenix police lieutenant; (2) He was harassed by several officers during questioning and transport; (3) He was denied "safe care" while confined in jail; and (4)(a) He was harassed and threatened by the trial judge, his own appointed attorneys, and the defense investigator, who intimidated him to such an extent that he was unable to seek state court review of his conviction and sentence; and/or (4)(b) His defense counsel was ineffective (Doc. 1 at 6−9; Doc. 6 at 2). On June 27, 2016, the Court ordered Respondents to answer Petitioner's petition, but granted Respondents leave to file a limited response "including, but not limited to, statute of limitations, procedural bar, or non-retroactivity" (Doc. 6 at 3).

## III.  LEGAL ANALYSIS

### A.  AEDPA's Statute of Limitations

A threshold issue for the Court is whether the habeas petition is time-barred by the statute of limitations. The time-bar issue must be resolved before considering other

---

[1] The referenced alphabetical exhibits were submitted with Respondents' Answer, Doc. 13. The page references herein are to this Court's electronic record.

[2] The Petition was signed by Petitioner on May 30, 2016, and mailed to the Court on May 31, 2016 (Doc. 1 at 11; Doc. 1-1).

procedural issues or the merits of any habeas claim. *See White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Petitioner's habeas petition because he filed it after April 24, 1996, the effective date of the AEDPA. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) (*citing Smith v. Robbins*, 528 U.S. 259, 267 n.3 (2000)). Under the AEDPA, a state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (noting that the direct appeal is final upon expiration of time for seeking further appellate review).

The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2). If a defendant is convicted pursuant to a guilty plea, then the first post-conviction proceeding is considered a form of direct review and the conviction becomes "final" for purposes of Section 2244(d)(1)(A) when the Rule 32 of right proceeding concludes. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)") (internal quotation omitted); *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (conviction pursuant to plea agreement is final on expiration of the time for seeking Rule 32 relief).

### B.  Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). However, for equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way" to prevent him from timely filing a federal habeas petition. *Id*. at 649 (quoting *Pace v. DiGuglielma*, 544 U.S. 408, 418 (2005)). As to the first element, "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum

feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted). As to the second element, "[e]quitable tolling is applicable only '*if extraordinary* circumstances *beyond a prisoner's control* make it *impossible* to file a petition on time.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (emphasis added) (citations omitted). Thus, the "extraordinary circumstance" must be attributable to an external force rather than a petitioner's lack of diligence or his lack of legal knowledge. *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.")

Whether or not to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted); *see also Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that equitable tolling is "unavailable in most cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations and internal emphasis omitted). Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *See Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1060 (9th Cir. 2007).

A petitioner's *pro se* status, indigence, limited legal resources, ignorance of the law, confusion, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *see also Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009); *Ballesteros v. Schriro*, CIV-06-675-PHX-EHC (MEA), 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances). Further, a prisoner's "proceeding *pro se* is not a

'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

### C. The Petition is Untimely

Petitioner was convicted and sentenced pursuant to a plea agreement. Therefore, his avenue of review in the Arizona courts was through a "Rule 32 of right proceeding," rather than through a direct appeal. *See* Ariz. R. Crim. P. 32.1. Petitioner was sentenced on August 28, 2013, and had until November 26, 2013, to initiate his "of-right" post-conviction relief (PCR) proceedings. *See* Ariz. R. Crim. P. 32.4(a) (an "of-right" PCR proceeding is commenced by filing a PCR notice within 90 days after the entry of judgment and sentence). However, Petitioner never sought review of his sentence and conviction in the Arizona courts. Thus, AEDPA's one-year statute of limitations began to run on November 27, 2013, which is 91 days after the entry of judgement and sentence against him. Applying AEDPA's one-year statute of limitations, the limitations period expired on November 27, 2014. *See Summers v. Schriro*, 481 F. 3d 710, 716−17 (9th Cir. 2007) (an "of-right" PCR proceeding "is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)"); 28 U.S.C. § 2244(d)(1)(A) (AEDPA statute of limitations begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review.") Therefore Petitioner's petition, which was signed by Petitioner on May 30, 2016, mailed to the Court on May 31, 2016, and filed on June 2, 2016, is untimely by more than 18 months.

### D. Equitable Tolling is Not Applicable

Petitioner asks the Court to allow his admittedly untimely petition for the because of "severe mental anguish and hardship" (Doc. 1 at 11). He states:

> Due to a lot of mental anguish I have suffered on my time of incarceration on this sentence, my mind was focused on staying alive. When I just recently began legal proceedings on 4 civil complaints (with more to file) is when I began to find out about this Petition. So I respectfully ask that the court would grant this on the grounds of severe mental anguish and hardship. It was till recently that I no longer feared judges (I respect the honest ones). Also the fear of this judge was so very strong that it just cancelled out any hope at all of appealing my case until recently. I believe

> the judge who presides over this Petition is honest and a lot of people are watching my life and if anyone is dishonest against me now they are revealed to many powerful people around the world.

(Doc. 1, at 11.)

Petitioner's unsupported and sweeping assertions of severe mental anguish and fear of judges does not entitle him to equitable tolling even if he means the mental anguish as a mental impairment. In the Ninth Circuit, there is a two-part test to determine when a habeas petitioner is eligible for equitable tolling based upon an actual mental impairment:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either
>     (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>     (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1099−1100 (9th Cir. 2010) (emphasis in original, internal citations and footnote omitted). This standard "reiterates the stringency of the overall equitable tolling test" and "the mental impairment must be so debilitating that it is the but-for cause of the delay, and even in cases of debilitating impairment the petitioner must still demonstrate diligence" *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014).

Petitioner's broad, conclusory statements in his Petition do not meet the above requirements. *See Brown v. Ryan*, No. CV−14−8229−PCT−DJH, 2015 WL 3990513, at *7 (D.Ariz. June 30, 2015) ("[A]side from stating that he had 'semi or severed depression[,]' Petitioner's reply does not include further evidence or discussion of Petitioner's mental health or how it prevented him from filing a timely petition for writ of

habeas corpus in this Court. Thus, Petitioner has not satisfied his burden of showing that equitable tolling is appropriate in this case.") (internal citations to the docket omitted); *Lawrence v. Florida*, 549 U.S. 327, 337 (2007) (finding claim of mental incapacity was not an "extraordinary circumstance" requiring equitable tolling when petitioner "made no factual showing of mental incapacity"); *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011) (noting "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations" and that "a causal link between the mental condition and untimely filing is required.")

Petitioner has failed to meet his burden of showing extraordinary circumstances or reasonable diligence that would justify equitable tolling. Additionally, the record does not reveal any extraordinary circumstances that prevented Petitioner from filing a timely federal habeas corpus petition. Because Petitioner has not presented any circumstance that would justify equitably tolling the AEDPA statute of limitations, his Petition should be denied as untimely and the Court will not consider Respondents' alternative grounds for denying habeas corpus relief.

## IV. CONCLUSION

Petitioner filed the pending Petition after the expiration of the AEDPA statute of limitations and statutory and equitable tolling do not render the petition timely. Accordingly, the Petition should be denied as untimely under 28 U.S.C. § 2244(d)(1). Because the Petition is untimely, the Court does not consider Respondents' alternative grounds for denying habeas corpus relief. The Court will therefore recommend that the petition be denied and dismissed. Assuming the recommendations herein are followed in the District Judge's judgment, the District Judge's decision will be on procedural grounds. Under the reasoning set forth herein, reasonable jurists would not find it debatable whether the District Court was correct in its procedural ruling. Accordingly, to the extent the Court adopts this Report and Recommendation as to the Petition, a certificate of appealability should be denied.

## V. PETITIONER'S MOTIONS

Petitioner's motion to strike the response to the Petition at Doc. 13 (Doc. 17) is without basis. There is nothing improper or inappropriate in the response at Doc. 13. The response is professional advocacy, no more and no less. Petitioner's motion to reinstate his other cases with this Court which were dismissed (Doc. 18) also is without basis. Petitioner asserts that the Clerk of Court dismissals on direction of this Court were illegal and fraudulent. Not only is this habeas case an improper forum in which to raise a request to reinstate his previously dismissed cases, the request is unsupported by the record and lacks legal support. For example, in CV-16-1336-SPL (DMF), Petitioner sued the owner of the Phoenix Zoo and its head ranger as well as the "owner of PHX 200." District Judge Logan dismissed the complaint for failure to use the court-approved complaint and for failure to state a claim with leave to amend, allowing that an amended complaint in compliance with the Court's Order could be filed within thirty days of the date the Order was filed (Doc. 14 of CV-16-1336-SPL (DMF)). Petitioner failed to timely file an amended complaint. Thereafter, the Clerk of Court followed District Judge Logan's Orders at Docs. 14 and 16 and dismissed the action (Doc. 17 of CV-16-1336-SPL (DMF)).

Accordingly,

**IT IS THEREFORE RECOMMENDED** that Philip Davis' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

**IT IS FURTHER RECOMMENDED** that Petitioner's motions (Docs. 17 and 18) be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The

parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 29th day of September, 2016.

Honorable Deborah M. Fine
United States Magistrate Judge