IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip Davis,<br><br>           Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>           Respondents. | No. CV-16-01745-PHX-SPL (DMF)<br><br>**ORDER** |

Before the Court is Petitioner Philip Davis's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Honorable Deborah F. Fine, United States Magistrate Judge, has issued a Report and Recommendation ("R&R") (Doc. 19), recommending that the petition be denied as time-barred. Judge Fine further recommended that the Court deny Petitioner's Motion (Doc. 17) to strike Respondents' answer to the petition, and Motion (Doc. 18) to reinstate other lawsuits. In response, Petitioner did not file an objection to the R&R. Instead, he appears to challenge the R&R by motion; Petitioner has filed a Motion for Copies (Doc. 20), a Motion to Reopen Cases (Doc. 21), a Motion to Supplement (Doc. 22), a unspecified Motion (entitled Motion #3) (Doc. 23), and a Second Motion to Strike (Doc. 24). For the reasons below, the petition and motions will be denied.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the

R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

In his motions, Petitioner does not object to Magistrate Judge's finding that his petition is barred by the statute of limitations. He does not point to any specific flaw in the Magistrate Judge's analysis, much less makes any apparent reference to the R&R. Rather, Petitioner's various motions consist of unintelligible references to Satan and rambling criticisms of the prosecution, the court, and the correctional system. This is insufficient to trigger *de novo* review of findings in the R&R. *See Gutierrez v. Flannican*, 2006 WL 2816599, at *2 (D. Ariz. Sept. 29, 2006) (where a Petitioner does not identify which of the Magistrate Judge's findings he or she specifically disagrees with, the general objections to the R&R "are tantamount to no objection at all."); *Thomas*, 474 U.S. at 149 (no review at all is required for "any issue that is not the subject of an objection."). Therefore, finding Plaintiff's motions lack any coherent or cognizable request for relief, they will be summarily denied, and the R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That Petitioner's Motions (Docs. 17, 18, 20, 21, 22, 23, 24) are **denied**;

2. That Magistrate Judge Fine's Report and Recommendation (Doc. 19) is **accepted** and **adopted** by the Court;

3. That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

4. That a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable; and

5. That the Clerk of Court shall **terminate** this action.

Dated this 24th day of October, 2016.

Honorable Steven P. Logan
United States District Judge